967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ESTATE OF Richard A. HINZ, Sr., Plaintiff,
and
Richard A. Hinz Trust Dated March 9, 1984, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 
 No. 91-15495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided June 2, 1992.
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Richard A. Hinz Trust ("the Trust") appeals the district court's denial of its motion for costs and attorney's fees as provided by 26 U.S.C. § 7430. The Trust had challenged successfully the Internal Revenue Service's ("IRS") imposition of a penalty according to 26 U.S.C. § 6672 for failure of the Hinz Store Fixture Co., Inc. to pay a certain trust fund portion of the corporation's tax liability.
 
 
 3
 The district court exercised jurisdiction as provided by 28 U.S.C. §§ 1340, 1346(a)(1). We have jurisdiction to review the Trust's timely appeal under 28 U.S.C. § 1291 and 26 U.S.C. § 7430(f)(1). We review for abuse of discretion the district court's determination that the Government's position was substantially justified. Bertolino v. Commissioner of Internal Revenue, 930 F.2d 759, 761 (9th Cir.1991).
 
 
 4
 Under the abuse of discretion standard, we will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. Abatti v. Commissioner of Internal Revenue, 859 F.2d 115, 117 (9th Cir.1988).
 
 
 5
 The district court held that the Government's position did not lack a reasonable basis, and thus satisfied the substantial justification standard. In its order granting summary judgment, the court had held that the definition of "voluntary" relied upon by the Trust was "widely accepted, in the Ninth Circuit and elsewhere, and controls our disposition of this case."
 
 
 6
 The Trust contends that the Government's position was not substantially justified because the Government ignored controlling precedent and the published policies of the IRS.[1] The Government argues that the scope of the governing doctrines was unclear, there was not directly applicable legal precedent, other courts were split on the question, and litigation was necessary to resolve the dispute about the law.
 
 
 7
 In the underlying litigation, the Trust's liability depended on whether its 1987 tax payment was voluntary or not. Voluntary payments may be allocated to specific tax liabilities. See In re Technical Knockout, 833 F.2d 797, 799 (9th Cir.1987). The Government contends that no Ninth Circuit or Supreme Court precedent was precisely on point. The Trust relied on Technical Knockout, where we considered whether payment of delinquent taxes after a taxpayer has filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, but prior to confirmation of the reorganization plan, is voluntary. 833 F.2d at 801.
 
 
 8
 We applied the definition of "involuntary payment," set forth in Amos v. Commissioner of Internal Revenue, 47 T.C. 65, 69 (1966), and explained in Muntwyler v. United States, 703 F.2d 1030, 1033 (7th Cir.1983): a payment is voluntary unless made as a result of judicial action or some kind of administrative action resulting in the seizure of property or money. We concluded that the taxpayer's payment was involuntary because court action was involved. Technical Knockout, 833 F.2d at 802-03.
 
 
 9
 Despite our analysis in Technical Knockout, the Government relied upon out-of-circuit district court and bankruptcy court authority to argue that any payment made after tax liability becomes fixed should not be considered voluntary. See In re Cotten, 86-1 U.S.T.C. p 9230 (E.D.Tex.1985); Hirsch v. United States, 396 F.Supp. 170 (S.D.Ohio 1975); In re Hannan Trucking, Inc., 81-2 U.S.T.C. p 9793 (Bankr.N.D.Tex.1981). The Government distinguished Technical Knockout by its bankruptcy setting, and urged the court not to extend that definition beyond the bankruptcy reorganization context.
 
 
 10
 We cannot say that the district court abused its discretion in holding that the Government's position was not unreasonable and thus was substantially justified. The order of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, the Government does not pursue its argument, apparently contrary to IRS policy, that consideration is necessary to support an allocation of a tax payment